## OSCAR H. COMFORT *vs.* FRANK E. CREELMAN.

### Argued Dec. 12, 1892.   Decided Jan. 16, 1893.

Conversion of a Chose in Action.

> The assignment of all the right, title, and interest of the assignor in a chose in action, on which another has a lien, of which the assignee has notice, does not constitute a conversion as against the holder of such lien.

Appeal by plaintiff, Oscar H. Comfort, from an order of the District Court of Ramsey County, *Otis*, J., made June 7, 1892, denying his motion for a new trial.

Appeal also by plaintiff from a judgment entered in the same action on August 3, 1892, against him for costs, and that he take nothing by his action.

Plaintiff was an attorney at law, and between February 15, and August 1, 1890, he rendered services as such for the Lemm, Fawcett & Johnson Manufacturing Company, of the value of $321.50. This corporation, on July 18, 1890, employed plaintiff to prepare and file a lien statement and collect a claim of $1,890 it had against

one Charles G. Peterson for materials furnished and work done by it for him in the construction of three houses situate on lots sixteen (16) and seventeen (17) in block twenty-three (23) of Mackubin & Marshall's Addition to St. Paul. This corporation, in May, 1890, made an oral agreement with plaintiff, whereby he was to have a lien for his services upon any and all claims and demands it might place in his hands for collection.

On August 1, 1890, the corporation made an assignment to the defendant Frank E. Creelman of all its property including its claim against Peterson, in trust for the benefit of certain of its creditors other than Comfort. On August 9, 1890, Creelman, knowing all plaintiff's rights, commenced an action in his own name against Peterson and others to enforce the said lien and collect the money due thereon. Then plaintiff commenced this action, September 24, 1890, to enjoin Creelman from prosecuting the action against Peterson. Then Creelman, on October 25, 1890, sold and assigned to F. D. Ford and his associates all his right, title, and interest in the claim against Peterson, and agreed to indemnify the purchasers against this plaintiff's lien on the claim. Then plaintiff, on leave obtained, filed and served a supplemental complaint setting out these facts that had occurred since his original complaint was filed, and asking judgment against Creelman for conversion of the Peterson claim.

The issues were tried February 2, 1892. A jury was waived. Findings were filed March 28, 1892, directing judgment for defendant. Plaintiff moved for a new trial. This was denied June 7, 1892, and he appealed July 7, 1892. Judgment was entered August 3, 1892, upon the findings. The plaintiff, on August 7, 1892, appealed also from the judgment.

*A. E. Hawes*, for appellant.

*John B. & E. P. Sanborn*, for respondent.

DICKINSON, J. The plaintiff is an attorney at law. Prior to August, 1890, he rendered professional services for a corporation, the Lemm, Fawcett & Johnson Manufacturing Company, for which that company became indebted to him. The company presented to him for collection

and enforcement a claim of indebtedness from one Peterson, with an asserted right of mechanic's lien as security therefor.    By agreement with the corporation, the plaintiff was to and did have a lien on this claim and cause of action to secure the payment of all that might be owing to him for professional services.    This being the situation, on the 1st of August the corporation made an assignment to the defendant Creelman of all its property, including the Peterson claim, in trust for the benefit of certain of its creditors other than the plaintiff.    In the same month the defendant, as such assignee, commenced an action against Peterson and others to enforce the mechanic's lien and collect the debt, intending to use the proceeds for the payment of those creditors for whose benefit the assignment was made.    The plaintiff then commenced this action to enjoin such proceedings on the part of the defendant.    Subsequently, and during the pendency of both actions, this defendant and certain creditors of the corporation assigned to one Ford and others all their right, title, and interest in and to the claim and lien against Peterson; the assignees, Ford and others, having notice and knowledge of this plaintiff's asserted right of lien upon the same, and from such lien the defendant undertook to save his assignees harmless.    Then the plaintiff filed a supplemental complaint in this action, alleging the sale and assignment of the Peterson claim by the defendant as being a conversion of the property, and for such conversion a recovery of damages is sought.

From the foregoing statement of the case it will be seen that the right of the plaintiff to recover damages depends upon the proposition that the sale and assignment of the Peterson claim to Ford constituted, as to the plaintiff, a conversion.    But this proposition cannot be maintained.    The claim against Peterson—his indebtedness to the corporation—was not the property of the plaintiff.    He only had a lien upon it, which was not divested nor impaired by the transfer of the cause of action to Ford, who took the same subject to the plaintiff's lien, of which he had knowledge.    If the property had been a tangible chattel, on which the plaintiff had a lien, as by chattel mortgage, instead of being a chose in action, it would hardly have been claimed that the sale of the chattel, subject to the lien, to a

purchaser with notice thereof, would constitute a conversion if the terms of the mortgage were not such as to forbid a sale. The lien would still attach to the property in the hands of the purchaser. This case is in principle not different from that supposed. The assignment, under the circumstances stated, did not constitute a conversion. The assignment only purported to transfer the right, title, and interest of the assignors. It transferred no greater interest than the assignors had. If the chose in action before the assignment was subject to the plaintiff's lien, it was equally so thereafter. The assignment was consistent with the continued existence of any lien which the plaintiff might have. It neither deprived him of any right, nor purported to do so. Although the instrument recited the fact that the plaintiff claimed a lien, and embraced an undertaking to indemnify the assignees therefrom, that did not impart to the transaction the quality of a conversion. It did not enlarge the scope of the assignment as a transfer only of the "right, title, and interest" of the assignors, which is the language of the assignment.

Such being our conclusion upon this point, the other questions presented in the case are immaterial.

Order and judgment affirmed.

(Opinion published 53 N. W. Rep. 1157.)